WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terrence Barnes,<br><br>    Plaintiff,<br><br>v.<br><br>Raytheon Technical Services Company, LLC, an Arizona Corporation,<br><br>    Defendant. | No. CV-12-00839-TUC-CKJ<br><br>**ORDER** |

Pending before this Court is Defendant's Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted and Failure to Join a Party Under Rule 19. (Doc. 10). The Court finds these matters appropriate for decision without oral argument. *See* LRCiv. 7.2(f).

**I. Background**

Defendant Raytheon Technical Services Company ("Raytheon") is a technology company that specializes in defense, homeland security, and aerospace matters. Raytheon contracts with the United States Army's ("Army") Program Executive Office for Simulation, Training, and Instruction, known as the Warfighter Field Operations Customer Support Program. (Doc. 10-1). Through this Army program, Raytheon trains Army personnel in the use of unmanned aircraft systems. *Id*. Raytheon has a subcontract with General Dynamics Information Technology ("GDIT"). *Id*. GDIT provides the Army with training personnel. *Id*.

Plaintiff Terrence Barnes, is a disabled former employee with GDIT. (Doc. 1).

1   Initially Plaintiff was hired as a flight instructor. *Id*. As a flight instructor he was
2   required to pass a FAA flight physical. *Id*. In 2008, Plaintiff was promoted to Site Lead,
3   which included administrative, logistical, and instructional oversight for flight operations.
4   *Id*. A year later in 2009, Plaintiff was promoted to a higher instructional position and
5   remained as the Site Lead. *Id*. During this time, Plaintiff maintained his FAA flight
6   physical because he continued to have instructional duties. *Id*. In May 2011, Plaintiff
7   was promoted to General Manager II, which was a full-time management position.[1] *Id*.
8   Plaintiff ceased all instructional duties. *Id*. On July 26, 2012, GDIT terminated Plaintiff's
9   employment because he was unable to pass the FAA flight physical. *Id*.

10   On November 13, 2012, Plaintiff filed a Complaint alleging that Raytheon
11   discriminated against Plaintiff in violation Sections 503 and 504 of the Rehabilitation
12   Act, 29 U.S.C. §794. *Id*. Specifically, Plaintiff argues that on June 26, 2012, Raytheon
13   directed GDIT to order Plaintiff to pass a FAA flight physical within thirty days. After
14   Plaintiff was unable to pass the FAA flight physical within the thirty day limit, Raytheon
15   directed GDIT to terminate Plaintiff's employment. Plaintiff alleges that Raytheon was
16   aware that Plaintiff was disabled and held a managerial position, which did not require
17   his ability to pass the FAA flight physical. Plaintiff further alleges that Raytheon only
18   required Plaintiff to pass the FAA flight physical, which it knew he could not pass, with
19   the intention of terminating his employment.

20   On February 14, 2013, Raytheon filed a Motion to Dismiss for Failure to State a
21   Claim Upon Which Relief Can be Granted and Failure to Joint a Party Under Rule 19.
22   (Doc. 10). Plaintiff filed his opposition on March 8, 2013. (Doc. 14). Raytheon filed a
23   Reply on March 22, 2013. (Doc. 17).

25   **II.   Private Right of Action**
26   Raytheon argues that Plaintiff's cause of action pursuant to Section 503 of the

---

[1] According to the 2nd Battalion, 13th Aviation Regiment Contractor Hierarchy chart attached to Raytheon's Reply, the actual title of Plaintiff's position was I/O Task Lead as opposed to Site Lead. (Doc. 17-1).

- 2 -

Rehabilitation Act must be dismissed because section 503 does not permit a private right of action. In response, Plaintiff argues that since he is seeking relief against Raytheon under section 504 of the Rehabilitation Act, he may allege Raytheon's violations of sections 503 and 504. Plaintiff does not cite any authority to support his position.

Section 503 of the Rehabilitation Act contains an express enforcement scheme. Accordingly, violations of section 503 are handled by the Department of Labor. *See* 29 U.S.C. §793. "Section 503 does not expressly provide that its provisions may be enforced through a private right of action." *Fisher v. City of Tucson*, 663 F.2d 861, 862 (9th Cir. 1981). Additionally, there is no implied private right of action under section 503 of the Rehabilitation Act. *Id*. at 867. Further, Plaintiff may not circumvent the prohibition of a private right of action under section 503 by asserting his section 503 claim via section 504 of the Rehabilitation Act. *See Meyerson, v State of Ariz.*, 709 F.2d 1235, 1238 (9th Cir. 1983) *vacated on other grounds*, 465 U.S. 1095 (1984). Therefore, Plaintiff cannot state a claim for relief pursuant to section 503.

### III.   Failure to Join a Party

*Standard*

Federal Rule of Civil Procedure "19 governs compulsory party joinder in federal district courts." *E.E.O.C. v. Peabody Western Coal Co.,* 400 F.3d 774, 778 (9th Cir. 2005). Rule 19 "provides a three-step process for determining whether the court should dismiss an action for failure to join a purportedly indispensable party." *U.S. v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999). The first step is to determine if the absent party is necessary. *Id*. Pursuant to Rule 19,

> [a] person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

>>(i) as a practical matter impair or impede the person's ability to protect the interest; or
>
>>(ii) leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest.

Fed.R.Civ.P. 19(a). "If the absent party is necessary, the court must determine whether joinder is feasible." *Bowen*, 172 F.3d 688 (internal quotations omitted). If the absent party cannot be joined, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed.R.Civ.P. 19(b). The Court may consider evidence outside the pleadings in order to determine whether Rule 19 requires the joinder of additional parties. *Behrens v. Donnelly,* 236 F.R.D. 509, 512 (D. Haw. 2006) *citing McShan v. Sherrill*, 283 F.2d 462, 464 (9th Cir. 1960).

*United States Army*

Raytheon argues that the Army is a necessary party to this action. According to Raytheon, the Army has an interest in requiring that its instructor/operators meet its medical qualifications. The Army also has an interest in determining the responsibilities of its civilian personnel.[2]

Raytheon explains through its filings and exhibits that the Army contracted with Raytheon for the simulation, training and instrumentation of unmanned aircraft systems. (Doc. 10-1). In June 2012, the Army instructed Raytheon to require the Plaintiff to renew his instructional duties because the Army could not afford to have a site lead[3] that did not also instruct. *Id.* The Army requires that all instructors maintain a FAA flight physical.

---

[2] Plaintiff explains in his Response that he does not dispute that the Army has an interest in requiring the instructors meet certain medical qualifications. However, Plaintiff does not endorse or dispute the Army's interest in determining the job responsibilities of the personnel in the Warfighter FOCUS program. (Doc. 14).

[3] Raytheon contends that while the email from the Army (Doc. 10-1), referred to Plaintiff's position as B Co. Site Lead, there is no such position and the Army was referring to Plaintiff's position as B Co. task lead.

- 4 -

*Id*. As such, the directive for Plaintiff to pass a FAA flight physical in 2012 came directly from the Army.

Plaintiff contends that he is not disputing the Army's requirement that all flight instructors maintain a FAA flight physical. He argues that since he was a manager and not an instructor, he was not required to maintain a FAA flight physical and Raytheon only required that he pass the physical as a pretext to termination. However, since Raytheon only required that Plaintiff pass the FAA flight physical at the Army's direction, Plaintiff's allegation that his position did not require a FAA flight physical and he never should have been required to pass it, directly affects the Army's interests. A judgment in Plaintiff's favor would directly affect the Army's interest in determining the job responsibilities of participants in the Warfighter FOCUS program and the medical qualification required for instructors. "When an interest of the federal government is involved in a suit and a judgment cannot be rendered without affecting that interest, the government must be made a party to that action." *Carlson v. Tulalip Tribes of Washington*, 510 F.2d 1337, 1339 (9th Cir. 1975).

Additionally, a decision in the Plaintiff's favor would subject Raytheon to the untenable situation of being financially liable for violating the Rehabilitation Act, simply be complying with its contractual obligations to the Army. If the Army is not a party, any judgment by this Court would not be binding upon the Army. *Republic of Philippines v. Pimentel*, 553 U.S. 851, 871, 128 S.Ct. 2180, 2193 (2008). Thus, the Army could continue to demand Raytheon meet its directives, while Raytheon would be held liable for exercising those directives. As such, the Army is a necessary party to this action.

The Supreme Court has held that the federal government has sovereign immunity against awards of monetary damages for violations of Section 504 of the Rehabilitation Act. *Lane v. Pena*, 518 U.S. 187, 200, 116 S.Ct. 2092, 2100 (1996). Plaintiff's Complaint requests monetary damages for alleged violations of sections 503 and 504 of the Rehabilitation Act. (Doc. 1). Plaintiff has no private right of action pursuant to

section 503 of the Rehabilitation Act.  Additionally, since the federal government maintains sovereign immunity from monetary damages for violations of section 504 of the Rehabilitation Act, the Army cannot be joined in this action.

Since a necessary party cannot be joined, the Court must assess whether in equity and good conscience this case should be dismissed.  Fed.R.Civ.P. 19(b).  In consideration of this assessment, the Court should consider,

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
> > (A) protective provisions in the judgment;
> >
> > (B) shaping the relief; or
> >
> > (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

Fed.R.Civ.P. 19(b).

As to the first Rule 19(b) factor, the Court finds that Raytheon and the Army might be prejudiced if the Court enters a judgment in Plaintiff's favor and the Army is not a party to this action.  The Army's requirement that personnel in the Warfighter FOCUS Program in Plaintiff's position maintain FAA flight physicals and continue instructor duties, would be prejudiced.  Further Raytheon would be prejudiced by having conflicting responsibilities and having to decide whether to comply with the Army's directives or potentially violate the Rehabilitation Act.

As to the second Rule 19(b) factor, the Parties have not proposed any alternative remedies or forms of relief.  The Court is not aware of any alterative measures it can take to eliminate the potential for prejudice to the Army.

As to the third Rule 19(b) factor, a judgment rendered in the Army's absence may be adequate to the Plaintiff.  However, any judgment rendered in the Army's absence

would not be binding upon the Army. *Republic of Philippines*, 553 U.S. at 871, 128 S.Ct. 2180. As such, Raytheon argues that its inconsistent obligations to the Army and this Court's potential judgment would impede its ability to comply with the Court's potential judgment.

As to the fourth Rule 19(b) factor, Raytheon argues that Plaintiff does not have any adequate remedy if this case is dismissed. However, this Court does not agree. Plaintiff argues in his Response to Raytheon's Motion that he is only challenging Raytheon's act in requiring that Plaintiff pass a FAA flight physical within thirty days, knowing that Plaintiff was disabled and required more time to pass the physical.[4] If this was Plaintiff's only argument, the action may be capable of proceeding without the Army.[5] However, Plaintiff's Complaint is not limited to this narrow argument. Instead Plaintiff argues that the FAA flight physical was not a requirement of his position and he should not have been required to pass it. These allegations directly implicate the Army's determination that Plaintiff's position included instructor/operator duties and the requirement of maintaining a FAA flight physical.

While the United States Army is a necessary party to Plaintiff's Complaint, it cannot be joined due to its sovereign immunity. The Supreme Court has explained where sovereign immunity is asserted and the claims of sovereign are not frivolous, dismissal is appropriate if there is any potential for injury to the interests of the absent sovereign. *Republic of Philippines*, 553 U.S. at 867, 128 S.Ct. 2180. As such, this action must be dismissed. *Id*.

*Necessity of GDIT*

---

[4] Plaintiff contends that on prior occasions, Raytheon had granted Plaintiff additional time to pass the FAA flight physical.

[5] Raytheon argues that it was not aware that the Plaintiff would be unable to pass the physical within thirty days and Plaintiff never requested additional time. Raytheon also does not contend that the Army directed the Plaintiff pass the FAA flight physical within thirty days or that any specific directives or obligations from the Army mandated a thirty day time period for Plaintiff pass the FAA flight physical.

- 7 -

1       Raytheon argues that GDIT is a necessary party because GDIT was Plaintiff's 2 employer, GDIT actually terminated Plaintiff's employment, and GDIT would be 3 responsible for damages if the Court entered a judgment in Plaintiff's favor.  Plaintiff 4 argues that he has not made any allegation in his Complaint that would implicate GDIT 5 and that GDIT was only following Raytheon's orders when it fired him.  However, 6 Raytheon was only adhering to the Army's orders when it directed GDIT to require 7 Plaintiff to pass a FAA flight physical.  As such, Plaintiff's argument against including 8 GDIT as a defendant appears to contradict his argument for relief against Raytheon for 9 ordering him to pass a FAA flight physical when his position did not require it.

10       Further, Plaintiff does not make any argument in his Response that Raytheon had 11 an indirect employment relationship with Plaintiff or that Raytheon and not GDIT would 12 be liable for his compensatory damages if a judgment is rendered in his favor.  As his 13 employer, GDIT may be liable for damages if a judgment is rendered in Plaintiff's favor 14 for an unlawful termination in violation of the Rehabilitation Clause.  As such, GDIT is a 15 necessary party to this action.

### IV.   Conclusion

18       Plaintiff has no private right of action pursuant to section 503 of the Rehabilitation 19 Act.  Additionally, any judgment related to section 504 of the Rehabilitation Act in 20 Plaintiff's favor may prejudice the Army's legitimate interests in determining the job 21 responsibilities of participants in the Warfighter FOCUS program and the medical 22 qualifications required for instructors.  Further, GDIT is a necessary party to this action. 23 As such, Plaintiff's Complaint is dismissed for failure to state a claim and failure to join 24 an indispensable party.  However, since Plaintiff may be able to cure these deficiencies 25 by amending his Complaint, the Court grants Plaintiff leave to file a first amended 26 complaint.

27       Accordingly, IT IS ORDERED:

28       1.     Defendant Raytheon Technical Service Company, LLC's Motion to

1  Dismiss for Failure to State a Claim Upon Which Relief Can be Granted and Failure to
2  Join a Party Under Rule 19 (Doc. 10) is GRANTED.

3      2.    Plaintiff is granted thirty (30) days from the date of this Order to file a First
4  Amended Complaint.

5      3.    If Plaintiff fails to file a First Amended Complaint within thirty (30) days
6  of the date of this Order, the Clerk of Court must, without further notice, enter a
7  judgment dismissing this case without prejudice.

    Dated this 28th day of May, 2013.

_____
Cindy K. Jorgenson
United States District Judge